**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**H.L. JAMES
MATTHEW W. JAMES**                                                     **PLAINTIFFS**

**V.**                                                        **CASE NO. 3:07CV108**

**CITY OF PONTOTOC, MISSISSIPPI**                                      **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court upon the motion [22] of the defendant, City of

Ponotoc, Mississippi, to amend the case management order to provide for a bench trial as to the

state law claims.

### Facts

On August 30, 2007, the plaintiffs, H.L. James and Matthew W. James, filed a complaint

in this court bringing substantive due process and equal protection claims under the Fourteenth

Amendment, and a state law claim under the Mississippi Tort Claims Act ("MTCA") contingent

upon their coming into compliance with the terms of the MTCA.  At the time the complaint was

filed, the Jameses had provided notice of the state law claims, but the required ninety day waiting

period had not yet passed.  On November 14, 2007, Magistrate Judge Alexander issued a Case

Management Order in the instant action.  In accordance with that order a notice of jury trial was

sent to the parties the next day.  On December 10, 2007, the Jameses requested permission to

amend their complaint to include their now ripe state law claims.  On January 2, 2008 that

request was granted.  The next day, the plaintiffs filed their amended complaint.  On January 8,

2008, the City of Ponotoc filed its answer to the amended complaint.  Thereafter, they filed the

instant motion relying on MISS. CODE ANN. § 11-46-13.

Section 11-46-13 provides that "[t]he judge . . . shall hear and determine, without a jury, any suit filed under the provisions" of the MTCA. Thus a plaintiff bringing an action under the MTCA does not have a right to a jury trial in state court. *Simpson v. City of Pickens*, 761 So. 2d 855, 860 (Miss. 2000). The Jameses concede that the MTCA requires a bench trial. However, they argue that the Seventh Amendment affords them a right to a jury trial in federal court even where a jury trial would not be available in state court. The City of Ponotoc responds that actions brought pursuant to the MTCA are not "suits at common law" as contemplated by the Seventh Amendment and, alternatively, that Mississippi has not waived its sovereign immunity from suits brought by jury trial.

## Analysis

The court has jurisdiction over the Constitutional claims pursuant 28 U.S.C. § 1331. Jurisdiction over the state law claims is premised on the concept of pendent jurisdiction. Courts exercising pendent jurisdiction apply state substantive law to state claims. *See Felder v. Casey*, 487 U.S. 131, 151 (1988); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). However, "the characterization of [a] state-created claim as legal or equitable for the purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler v. Conner*, 372 U.S. 221, 222 (1963).

The plaintiffs point the court towards Judge Davidson's order in *Apostol v. Tupelo Airport Authority*. Docket No. 104, 1:01cv337 (N.D. Miss. October 30, 2002) (applying a Seventh Amendment analysis and allowing for a jury trial for claims brought pursuant to the MTCA). The defendants rely on Magistrate Judge Alexander's ruling in *Turner ex rel. Turner v. North Panola School Dist.* 2007 WL 2359773 (N.D. Miss. Aug. 14, 2007) (holding that claims brought pursuant to the MTCA require a bench trial). Neither of these opinions offers a full

discussion of the issues presently in front of the court.

## I.  Seventh Amendment

The Seventh Amendment reads in pertinent part, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend VII.  "The federal policy favoring jury trials is of historic and continuing strength."  *Simler v. Conner*, 372 U.S. at 222.  The Seventh Amendment applies to claims of legal right enforceable in actions for damages in the ordinary courts of law.  *Curtis v. Loether*, 415 U.S. 189, 194 (1974).  Thus to determine if the Seventh Amendment applies to an action a court must determine if the action asserts a legal, as opposed to an equitable, right and if the claim brought seeks damages.[1]

The state law claim asserted by the Jameses is one of negligence.  Negligence was clearly a legal claim at common law as it existed when the Seventh Amendment was adopted. Negligence claims date back to the fifteenth century.  Peter A. Arhangelsky, *Nullifying the Constitution: Federal Asbestos Tort Reform and the Abrogation of Seventh Amendment Rights*, 40 SUFFOLK U. L. REV. 95, 114 (2006) ("When the Seventh Amendment was enacted in 1791, personal injury cases sounding in negligence were ubiquitous in the English court system") (citing Victor E. Schwartz et al., Prosser, Wade and Schwartz's Torts Cases and Materials 1-5 (10th ed. 2000); Margreth Barrett, *The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims*, 39 HASTINGS L.J. 125, 134-37 (1987)).  These early negligence actions were decided by juries.  *See* Patrick J. Kelley, Symposium, *Restating Duty Breach, and Proximate Cause in Negligence Law: Descriptive Theory and the Rule of Law*, 54 VAND. L. REV.

---

[1] Both parties agree that this is an action seeking damages.  Thus the plaintiffs have met the second prong of the test.

1039, 1057 (2001) (arguing that the early preference for jury trials was instrumental in shaping modern tort law) (citing S.F.C. Milsom, Historical Foundations of the Common Law 296-300 (2nd ed. 1981); M.J. Prichard, *Scott v. Shepherd* and the Emergence of the Tort of Negligence 15-16 (1976)).

The defendant states that regardless of the historical basis of negligence, that claims of the type contemplated by the MTCA were not available at common law. The defendant bases this assertion on the principle of sovereign immunity. Generally, sovereign immunity prevents suit against the state without the state's consent. *See infra*, Section II. As it relates to the defendant's first argument, the court finds this reliance misplaced. The duty of the court is to determine whether the *cause of action* contemplated was historically one at law not whether the cause of action was available against a specific party at common law. *See Parsons v. Bedford, Breedlove, & Robeson*, 28 U.S. 433, 447-48 (1830) ("the [Seventh] [A]mendment requires that the right of trial by jury shall be preserved in . . . not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized") (emphasis in original). Negligence was a legal action at common law. While it is true that actions prohibited by the sovereign immunity doctrine require waiver, that issue is best addressed in terms of the extent of the state's waiver in the present action.

Based on this reasoning, the court finds that negligence claims brought pursuant to the MTCA are within the scope of the Seventh Amendment.

## II. Sovereign Immunity

"[T]he Constitution's structure, its history, and the authoritative interpretations by [the Supreme] Court make clear, the States' immunity from suit is a fundamental aspect of the

sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713 (1999). This principle is enunciated in the Eleventh Amendment. The Supreme Court has held that this Amendment did not change the law, but simply "restore[d] the original constitutional design." *Id*. at 722. The sovereign immunity contemplated by the Constitution, however, does not extend to municipalities. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001).

The Mississippi legislature has conferred sovereign immunity upon its municipalities. MISS. CODE ANN. § 11-46-3. In the instant matter it is clear and undisputed that the state has waived its sovereign immunity. *See* MISS. CODE ANN. § 11-46-5(1) ("the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities . . . is hereby waived from and after July 1, 1993"). That waiver is, however, conditional. In waiving its sovereign immunity, Mississippi has limited the liability of its municipalities to actions tried to the bench. MISS CODE ANN. § 11-46-13(1).

This state substantive law is controlling as it applies to the right to a jury trial for claims brought pursuant to the MTCA. While federal law controls as to the determination of whether a claim is "legal or equitable" for purposes of the Seventh Amendment, state law controls as to whether a state claim exists. In this instance, Mississippi's sovereign immunity doctrine would prevent any claim not tried to the bench. The Mississippi Supreme Court has addressed this issue holding that when a state waives its sovereign immunity, "it may attach any conditions to its consent, such as a provision excluding trial by jury." *Wells by Wells v. Panola County Bd. of Educ.*, 645 So. 2d 883, 898 (Miss. 1994). This finding is supported by binding precedent ruling that the federal government may condition its waiver of sovereign immunity to limit liability to actions tried to the bench. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Ducharme v.*

*Merrill-National Laboratories*, 574 F.2d 1307 (5th Cir. 1978). As such, the court finds that Mississippi has the power to attach conditions to its waiver of sovereign immunity and that it has done so in relation to the requirement of a jury trial.

### Conclusion

The Seventh Amendment grants parties a right to jury trial for negligence actions. However, Mississippi has created a cause of action against municipalities only so far as a judge "hear[s] and determine[s], without a jury" such claims. Procedural requirements associated with bench trials are not binding on federal courts. For instance if Mississippi adopted a procedure in which all negligence actions were tried to the bench, that procedure would be abrogated by the Seventh Amendment in federal court. In this instance though, the bench trial requirement is not procedural in nature. It is a substantive condition linked to the waiver of sovereign immunity. Rather than crafting a procedure for trying a type of action, the state has created an action only to the extent that it is tried before a judge sitting without a jury.

The defendant's motion to amend the case management order to provide for a bench trial as to the state law claims is GRANTED. The Case Management Order will be amended to allow a jury trial as to the federal issues and a bench trial for state law claims.

This the 19th day of August, 2008

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**